Lakhwant Kaur SANDHU; Harprit Sandhu; Jasprit Kaur, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70807.

Agency Nos. A76–676–570, A76–676–571, A76–676–572.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 25, 2004.

Daniel B. Dorfman, Canoga Park, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Jeffrey J. Bernstein, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM**

Lakhwant Kaur Sandhu and her children Harprit Sandhu and Jasprit Kaur, natives and citizens of India, petition for review of the Board of Immigration Appeals' dismissal of their appeal from an immigration judge's ("IJ") decision denying their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we review the IJ's decision as the final agency determination, *see Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence the IJ's determination of an applicant's eligibility for asylum, including any adverse credibility determination, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Although credible testimony may satisfy the asylum applicant's burden of proof, if the IJ "does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application." *Sidhu v. INS,* 220 F.3d 1085, 1090 (9th

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.2000). Because the IJ offered specific and cogent reasons for questioning Sandhu's credibility during the hearing and in her decision, and because Sandhu was unable to provide any corroboration for testimony that the IJ found implausible and inconsistent, substantial evidence supported the IJ's determination that she had not established eligibility for asylum. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151–53 (9th Cir.1999) (finding inconsistency, implausibility and lack of specificity in testimony may support an adverse credibility determination).

Because Sandhu failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1149.

**PETITION FOR REVIEW DENIED.**